UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CLYDE MURRAY,

    Petitioner,

                                             CASE NO. 2:11-CV-13025
v.                                       HONORABLE PATRICK J. DUGGAN

WARDEN LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

    Jeffrey Clyde Murray ("Petitioner"), a state prisoner presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Michigan Parole Board's decision to deny him parole. Petitioner pleaded guilty to unarmed robbery in the Genesee County Circuit Court and was sentenced to three to 15 years imprisonment in 1995. He also pleaded guilty to two drug offenses: possession of less than 25 grams of a controlled substance for which he was sentenced to two to four years imprisonment in 1995 and delivery of less than 50 grams of a controlled substance for which he was sentenced to two to 20 years imprisonment in 1996. In his pleadings, Petitioner does not challenge his

convictions. Rather, he asserts the Michigan Parole Board has improperly denied him parole by relying upon false information and retaliating against him. He seeks release from custody and to enjoin the Parole Board from relying upon improper information.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed.[1]

## II.     Discussion

In order to demonstrate that he is entitled to habeas relief, Petitioner must show

---

[1]The Court is aware that Petitioner has previously filed a habeas petition concerning the denial of parole with the United States District Court for the Western District of Michigan, which was summarily dismissed. *See Murray v. Capello*, No. 2:10-cv-286, 2011 WL 206160 (W.D. Mich. Jan. 21, 2011). The Court, however, is unsure whether the two petitions concern the same parole decision. Accordingly, in the interest of judicial economy, the Court shall address the merits of the petition rather than transferring the matter to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *See* 28 U.S.C. § 2244(b).

that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitioner alleges violations of his due process rights under the Fourteenth Amendment and his right to be free from retaliation under the First Amendment.

The United States Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that such a liberty interest may be created by a State's laws and subject to constitutional protection. *Thompson*, 490 U.S. at 460, 109 S. Ct. at 1908 (citing *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 868 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Thompson*, 490 U.S. at 461, 109 S. Ct. at 1909. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S. Ct. 1741, 1747 (1983)). As the Court further advised:

> A state may do this in a number of ways . . . the most common manner in

> which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472, 103 S. Ct. at 871). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72, 103 S. Ct. at 871-72).

Applying these standards, the Michigan courts have held that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Department of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982) (ruling that state law "creates only a hope of early release," rather than a right to release); *see also Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520–21, 596 N.W.2d 598, 603–04 (1999). The United States Court of Appeals for the Sixth Circuit has also consistently held that Michigan's statutory parole scheme does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006); *Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001). Consequently, because Petitioner has no protected liberty interest in parole, he cannot establish that the Michigan Parole Board's decision denying him parole violated his constitutional rights. Petitioner has also not shown that he is being held

beyond the expiration of his sentences. Habeas relief is not warranted in this case.[2]

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the petition must be denied.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any

---

[2]The Court notes that a prisoner who does not seek immediate release on parole may challenge the procedures used by a parole board to deny him parole under 42 U.S.C. § 1983 after the exhaustion of available state remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007) (plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). The Court makes no determination as to the merits of any such action.

appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

Dated:July 28, 2011　　　　　　　　　　　　s/PATRICK J. DUGGAN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copy to:
Jeffery Clyde Murray
#245927
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623